# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1209V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| HEATHER C. WILLIAMS, | * | Special Master Corcoran |
| Petitioner, | * | Filed: June 5, 2017 |
| v. | * | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |  |
| Respondent. | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Franklin John Caldwell, Jr.*, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.

*Ann Donohue Martin*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On December 16, 2014, Heather Williams filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she suffers from Parsonage Turner syndrome as a result of her November 8, 2013, receipt of the influenza vaccine.[2] The parties eventually filed a stipulation for damages on January 30, 2017 (ECF No. 32), which I adopted as my decision on damages on January 31, 2017. ECF No. 33.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated May 19, 2017. *See* ECF No. 38. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $33,338.59 ($27,952.50 in attorney's fees, and $5,386.09 in costs). *Id*. at 2-3. In accordance with General Order No. 9, Petitioner represents that she did not incur any litigation expenses in conjunction with this proceeding. *Id*. at 2. Respondent filed a document reacting to the fees request on May 24, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 39 at 2. Shortly thereafter, Petitioner filed a reply brief reiterating the arguments she made in support of awarding attorney's fees and costs in this case. ECF No. 40.

As a successful Vaccine Program Petitioner, Ms. Williams is entitled to a fees and costs award. I have previously found that Petitioner's present counsel—Franklin John Caldwell, Jr., Esq.—is entitled to forum rates. *See Dezern v. Sec'y of Health & Human Servs.*, No. 16-643V, 2016 WL 6678496 (Fed Cl. Spec. Mstr. Oct. 14, 2016). The rate I awarded in *Dezern* for Mr. Caldwell is the same as requested here, and I will likewise award it. *Id*. In addition, the hours expended on this matter appear to be reasonable. Finally, the requested litigation costs appear to be reasonable, and will also be awarded.

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of $33,338.59 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Franklin John Caldwell, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.